O

                    **UNITED STATES DISTRICT COURT**

                    **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Global BTG LLC, | CV 11-1657 RSWL (JCGx) |
| Plaintiff, | **ORDER Re: Defendant's Motion to Dismiss Case or, in the Alternative, to Strike [9]** |
| vs. | |
| National Air Cargo, Inc., | |
| Defendant. | |

On June 14, 2011, Defendant National Air Cargo, Inc.'s Motion to Dismiss Case or, in the alternative, Strike [9] came on for regular calendar before this Court. Having considered all the papers and arguments pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

Defendant National Air Cargo, Inc.'s Motion to Dismiss is **GRANTED.**

As a preliminary matter, the Court hereby **GRANTS**

1

Defendant National Air Cargo, Inc.'s ("Defendant") Request for Judicial Notice of Plaintiff Global BTG LLC's ("Plaintiff") articles of organization and the print-out of an internet search for business entities on the California Secretary of State website pursuant to Federal Rule of Evidence 201. Fed. R. Evid. 201. See Phillips v. Bank of Am. Corp., 2011 WL 132861, at *3 (N.D. Cal. Jan. 14, 2011)(stating that a court may take judicial notice of matters of public record). However, the Court **DENIES** Defendant's Request for Judicial Notice of the Memorandum of Understanding. Fed. R. Evid. 201.

Defendant first moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff lacks standing and capacity to bring this current Action.

In order for a plaintiff to have standing to bring a cause of action, it must show that: (1) the plaintiff "has suffered a concrete and particularized injury in fact" which is actual or imminent; (2) the injury is "fairly traceable" to the challenged action of the defendant; and (3) it is likely that "the injury is remediable by appropriate court action." Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 654 (9th Cir. 2002).

The Court finds that the Complaint pleads sufficient facts to establish that Plaintiff has standing to bring this current Action. Specifically, the Complaint adequately alleges that Plaintiff

contracted with Defendant, suffered a concrete and particularized injury in fact that is "fairly traceable" to Defendant's alleged breach of this contract, and that this injury is remediable by the appropriate court action. Id. As such, the Court finds that Plaintiff has sufficiently established it has standing to bring this current Action.

However, the Court finds that the Complaint fails to plead sufficient facts to establish that Plaintiff has capacity to bring this current Action. As such, the Court **GRANTS** Defendant's Motion to Dismiss with regard to the issue of capacity. Plaintiff has twenty days with which to amend its Complaint.

As a preliminary matter, the Court finds that California law governs the determination of whether Plaintiff has capacity to sue here.[1] Federal Rule of Civil Procedure 17 sets forth the law that is to be applied in determining a party's capacity to sue or be sued. Fed. R. Civ. P. 17(b). Pursuant to Federal Rule of Civil Procedure 17(b), "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by

---

[1] The Parties both rely on New York law here in arguing as to whether Plaintiff has capacity to bring this current Action. While the alleged contract at issue contains a valid New York choice of law provision which governs the substantive claims at issue in this Action, for the reasons stated in this Order the Court finds that California law applies to the determination of Plaintiff's capacity.

the law of the state in which the district court is held[.]" Id. Here, Plaintiff is a limited liability company ("LLC"), and not a corporation. While Federal Rule of Civil Procedure 17 is silent with regard to the law that is to be applied in determining the capacity of a LLC, federal courts have noted that the law of the state in which the district court is located should be applied in determining whether a LLC has capacity to sue or be sued. See, e.g., Albers v. Guthy Renker Corp., 92 Fed. Appx. 497 (9th Cir. 2004); Ass'n of Merger Dealers, LLC v. Tosco Corp., 167 F. Supp. 2d 65, 71 n. 12 (D.D.C. 2001). As such, the Court finds that California law governs the issue of whether Plaintiff has capacity to bring this current Action.

Plaintiff alleges in its Complaint that the Parties entered into the alleged contract at issue in this Action, the Letter of Intent, on July 18, 2010. However, Plaintiff concedes it did not file its articles of organization with the Nevada Secretary of State until July 20, 2010. As such, Plaintiff cannot bring this current Action to enforce the alleged contract unless the Complaint sets forth sufficient facts showing that Plaintiff has capacity to sue here despite the fact it was not a legally registered LLC at the time of contracting. See Fidelity Metals Corp. v. Risley, 77 Cal. App. 2d 377 (1946).

Here, Plaintiff asserts that it has capacity to bring this Action because it acted as a *de facto* LLC,

4

the estoppel doctrine applies, and because Plaintiff subsequently adopted or ratified the alleged contract.

First, Plaintiff alleges it can bring this Action because it acted as a *de facto* LLC at the time of contracting. In order to establish that Plaintiff acted as a *de facto* LLC, the Complaint must plead sufficient facts to show: (1) the existence of a charter or general law under which an entity may be formed; (2) Plaintiff's good faith attempted compliance with the statute; (3) a colorable compliance with the statutory requirements; and (4) an assumption of the corporate powers. Cooper v. Leslie Salt Co., 70 Cal. 2d 627, 634 (1969).

The Court finds that the Complaint fails to allege sufficient facts to show that Plaintiff acted as a *de facto* LLC at the time of contracting. Specifically, the Complaint merely alleges that Plaintiff negotiated and entered into the alleged contract with Defendant. As such, the Court finds the Complaint fails to set forth sufficient facts at this juncture to show that Plaintiff has capacity to enforce this Action as a *de facto* LLC.

Next, Plaintiff argues that the estoppel doctrine bars Defendant from asserting that Plaintiff lacks capacity to bring this current Action. The estoppel doctrine is an equitable remedy, and effectively precludes "one who deals with an apparent [entity] ... in such manner as to recognize its corporate existence"

from subsequently attempting to get out of a contract by asserting that the corporation or entity lacks capacity. Petersen v. Cloverdale Egg Farms, 161 Cal. App. 2d 792, 798 (1958).

The Court finds that the Complaint fails to allege sufficient facts to show that this doctrine applies here. Specifically, the Complaint fails to set forth any facts indicating that at the time of contracting, Defendant had actual knowledge that Plaintiff was not an LLC but chose to deal with Plaintiff as an LLC regardless. See Peacock Hill Ass'n v. Peacock Lagoon Const. Co., 24 Cal. App. 3d 193 (1972). As such, Plaintiff has failed to state sufficient facts to show that this doctrine applies here and precludes Defendant from asserting that Plaintiff lacks capacity to bring this Action.

Finally, Plaintiff argues that it has capacity because it subsequently adopted or ratified the alleged contract. In California, "[a] corporation or limited liability company may enforce a contract made on its behalf before the company was formed if the company has adopted the contract or otherwise succeeded to it." O2 Development, LLC v. 607 South Park, LLC, 159 Cal. App. 4th 609, 612 (2008). The Court finds that Plaintiff fails to sufficiently allege that Plaintiff adopted or ratified the alleged contract. Specifically, the Complaint fails to set forth any facts regarding Plaintiff's alleged adoption or ratification after

Plaintiff filed its articles of incorporation on July 20, 2010.

Therefore, the Court finds that Plaintiff has failed to plead sufficient facts to support a finding at this juncture that it has capacity to bring this current Action to enforce the alleged contract between the Parties. As such, the Court **GRANTS** Defendant's Motion to Dismiss. However, the Court grants Plaintiff twenty days leave to amend as Plaintiff may be able to allege sufficient facts to support a finding that it has capacity to bring this current Action.

The Court notes that Plaintiff has pled sufficient facts to state a claim for breach of contract at this stage. Specifically, Plaintiff sufficiently establishes that the alleged contract at issue in this Action is a binding and enforceable contract under New York law. See Teachers Insurance & Annuity Ass'n v. Tribune, 670 F. Supp. 2d 332 (S.D.N.Y. 1987). Moreover, as the Complaint pleads sufficient facts to state a claim for breach of contract, pursuant to the New York Uniform Commercial Code, Plaintiff is entitled to the benefit of its bargain under the alleged contract. See N.Y. U.C.C. § 2A-528. Therefore, the Court notes that Plaintiff has pled sufficient facts to support its claim for $36,643,816.00 in damages in this Action.

However, the Court cautions Plaintiff that the Complaint fails to state a claim for Breach of the

Implied Covenant of Good Faith and Fair Dealing at this juncture, as the Complaint fails to sufficiently allege a separate factual basis for the Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing claims. See ICD Holdings S.A. v. Frankel, 976 F. Supp. 234, 243-44 (S.D.N.Y. 1997).

For the reasons heretofore stated, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiff has twenty days leave to amend its Complaint with regard to its capacity and its claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. The Court finds that Plaintiff has sufficiently pled its claim for Breach of Contract and its request for damages in this Action.

**IT IS SO ORDERED.**

DATED: June 29 , 2011.

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge