O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Global BTG LLC, | ) | CV 11-1657 RSWL (RCGx) |
| | ) | |
| Plaintiff, | ) | **ORDER re: Defendant's** |
| | ) | **Motion to Dismiss** |
| v. | ) | **Plaintiff's First** |
| | ) | **Amended Complaint [27]** |
| National Air Cargo, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendant National Air Cargo, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Global BTG LLC's ("Plaintiff") First Amended Complaint [27] and Defendant's Request for Judicial Notice in support of its Motion [28].  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant's Request for Judicial Notice and **DENIES** the Motion to Dismiss Plaintiff's First Amended Complaint.

///

A. <u>Judicial Notice</u>

As a preliminary matter, Defendant filed a request for this Court to take judicial notice of three documents in support of its Motion to Dismiss: (1) the draft Letter of Intent ("LOI"), (2) Plaintiff's certified Articles of Organization, and (3) a printout of an Internet search for business entities on the California Secretary of State website.  Generally, a court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  However, a court may take judicial notice of facts that are "(1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  To the extent that the contents in the documents are in dispute, "such matters of controversy are not appropriate subjects for judicial notice."  <u>U.S. v. Southern Cal. Edison Co.</u>, 300 F. Supp. 2d 964 (E.D. Cal. 2004) (quoting <u>Del Puerto Water Dist. v. U.S. Bureau of Reclamation</u>, 271 F. Supp. 2d 1224 (E.D. Cal. 2003)).

Pursuant to this standard, the Court hereby **DENIES**, Defendant's Request for Judicial Notice of the draft LOI referred to in Plaintiff's First Amended Complaint. The Court finds that the Parties disagree as to which document is the actual draft LOI, therefore such disputed matters are not appropriate subjects for

1  judicial notice.

2      The Court also **DENIES as Moot** Plaintiff's Request

3  for Judicial Notice of (1) Plaintiff's certified

4  Articles of Organization, and (2) a printout of an

5  Internet search for business entities on the California

6  Secretary of State website.   The Court finds that it

7  previously ruled on this matter on June 29, 2011.

8      B.   Motion To Dismiss

9      The Court **DENIES** Defendant's Motion to Dismiss

10  Plaintiff's First Amended Complaint because Plaintiff

11  has pled sufficient facts to support its breach of

12  contract claim.   Pursuant to Federal Rule of Civil

13  Procedure 12(b)(6), the Court must presume all factual

14  allegations of the complaint to be true and draw all

15  reasonable inferences in favor of the non-moving party.

16  Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.

17  1991). "While a complaint attacked by a Rule 12(b)(6)

18  motion to dismiss does not need detailed factual

19  allegations,[it]. . . requires more than labels and

20  conclusions, and a formulaic recitation of the elements

21  of a cause of action will not do." Bell Atl. Corp. v.

22  Twombly, 550 U.S. 544, 553-556 (2007).   However, a

23  party need not state the legal basis for his claim, but

24  only the facts underlying it.   McCalden v. California

25  Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).

26      Previously, on February 24, 2011, Plaintiff brought

27  a breach of contract claim and Defendant filed a Motion

28  to Dismiss on the ground that Plaintiff lacked standing

1    and capacity to bring this Action.  On June 29, 2011,
2    this Court granted Defendant's Motion to Dismiss and
3    issued an Order [19] holding that the Complaint failed
4    to allege sufficient facts showing that Plaintiff had
5    the capacity to sue.  The Court intended to hold that
6    Plaintiff failed to allege sufficient facts to support
7    a showing that it had capacity to enforce the contract
8    with Defendant.  Due to this Court's unfortunate choice
9    of language, the Parties were misled as to the Court's
10   intended meaning of capacity to sue.

11       In fact, the Court finds that Plaintiff had
12   capacity to sue at all times relevant to this Action.
13   Pursuant to Federal Rule of Civil Procedure, Rule 17,
14   the "capacity to sue or be sued shall be determined by
15   the law of the state in which the district court is
16   held."  Fed. R. Civ. P. 17.  In this case, the Court
17   finds that Plaintiff had the capacity to sue at all
18   times subsequent to July 20, 2010 when it filed its
19   Articles of Organization with the Nevada Secretary of
20   State.  Cal. Corp. Code § 17003(b)(stating that a
21   Limited Liability Company ("LLC") "organized under this
22   title shall have . . . the power to" sue or be sued).

23       Although Plaintiff did not exist as a legal entity
24   at the time the contract was entered into, Plaintiff
25   has pled sufficient facts showing its authority to
26   enforce the contract.  The Court finds that Plaintiff
27   has pled sufficient facts showing its ability to
28   enforce the contract through the doctrine of LLC by

                                4

1  estoppel.

2      California has applied the traditional corporate

3  formation doctrines to LLCs.  02 Development, LLC v.

4  607 South Park, LLC, 159 Cal. 4th 609, 612 (2008).

5  Additionally, courts have long held that if a party

6  contracts with a corporation, that party is estopped

7  from denying its existence.  James D. Cox and Thomas

8  Lee Hazen, 1 Treatise on the law of Corporations § 6:12

9  (3rd ed. 2011); see also Home Owners' Loan Corp. v.

10  Gordon, 36 Cal. App. 2d 189, 192 (Cal. App. 3 Dist.

11  1939) (stating that a long line of authorities

12  establishes that a defendant is estopped from denying a

13  corporation's existence in an action to enforce a

14  contract when a defendant contracts with a plaintiff as

15  a corporation).  According to the First Amended

16  Complaint, Defendant contracted with Plaintiff, in

17  Plaintiff's capacity as a LLC, thus Defendant is now

18  estopped from denying Plaintiff's existence.

19      In sum, this Court finds that Plaintiff has pled

20  sufficient facts in its First Amended Complaint to

21  support its breach of contract claim.  Though Plaintiff

22  was not a validly formed LLC at the time of

23  contracting, the Court finds that the First Amended

24  Complaint alleges facts necessary to support a LLC by

25  estoppel theory.  Therefore, Plaintiff pleads

26  sufficient facts to constitute a cognizable legal

27  theory and should not be dismissed pursuant to Federal

28  Rule of Civil Procedure, Rule 12(b)(6).

1       Accordingly, the Court **DENIES** Defendant's Motion to

2   Dismiss Plaintiff's First Amended Complaint.

3

4   **IT IS SO ORDERED.**

5   DATED: October 13, 2011

6

7                                      RONALD S.W. LEW

8                     **HONORABLE RONALD S.W. LEW**

9                     Senior, U.S. District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28