UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| GLOBAL BTG LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL AIR CARGO, INC.,<br><br>    Defendant-Counterclaim Plaintiff,<br><br>    v.<br><br>GLOBAL BTG LLC, JACOB HODGES and DOES 1-5,<br><br>    Counterclaim Defendants. | Case No.  CV 11-01657 MMM (JCGx)<br><br>The Honorable Margaret M. Morrow<br><br>**[PROPOSED] ORDER DENYING GLOBAL BTG LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

\*   \*   \*

Global BTG LLC's Motion for Partial Summary Judgment came before the Court on December 10, 2012. After careful consideration of all the papers and arguments provided to this Court, in support of and in opposition to the Motion, the Court rules that the Motion should be denied in its entirety.

Accordingly, **IT IS HEREBY ORDERED THAT** Global BTG LLC's Motion for Partial Summary Judgment is **DENIED** on all issues:

1. <u>Capacity to contract</u>. As a matter of law, Global lacked the capacity to contract and therefore cannot enforce the Letter of Intent that was signed on July 18, 2010. It is undisputed that, when Global's principal (Jacob Hodges) signed the Letter of Intent on Global's behalf, Global did not exist as a legal entity. In addition, no equitable doctrine applies to excuse Global's lack of capacity.

2. <u>Exclusivity</u>. Global is not entitled to summary judgment on whether the Letter of Intent required National to seek financing exclusively from Global. On its face, the Letter of Intent does not mention, let alone require, exclusivity between the parties. Under New York law (which governs the substantive contract claims at issue here), a written agreement does not support a contractual right to exclusivity if it does not mention exclusivity. To the extent extrinsic evidence regarding the parties' intent is considered, it reinforces that the Letter of Intent did not require exclusivity.

3. <u>Best efforts</u>. Global is not entitled to summary judgment on whether its interpretation of the "best efforts" clause is proper. When viewed in context (as required under New York law), the evidence shows the parties understood that best efforts clause obligated Global to use the July 18 to July 22, 2010 timeframe to finalize financing by firming up soft commitments that the plaintiff claimed already to have searched for and held in its hand. Contrary to Global's assertions, the parties did not contemplate when the Letter of Intent was signed that Global would start looking for financing on National's behalf for the first time. Summary judgment on the "best efforts" issue is thus precluded by disputed questions of material fact.

4. <u>Lost profits</u>. Global's critique of National's assumptions and calculations with respect to its lost profits suffered as a result of Global's misconduct is not a proper issue for summary judgment. At this stage of the proceedings, the Court will not weigh and determine the merits of each party's expert analysis regarding damages. In addition, the evidence set forth in National's opposition to Global's motion shows that there is a triable issue of fact regarding whether the parties contemplated lost profits at the time of contract negotiation.

DATED: _____                        By: _____
                                                          The Honorable Margaret M. Morrow
                                                          United States District Judge